**Sarah–Mamie L. HALL (now known as Mamie C. Hall), Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01–3037.**

United States Court of Appeals, Federal Circuit.

May 14, 2001.

Before NEWMAN, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

Sarah–Mamie Hall (also known as Mamie C. Hall) seeks review of the final decision of the Merit Systems Protection Board ("Board") dated October 4, 2000, which denied her petition for review and sustained the administrative judge's dismissal of Ms. Hall's case on the basis of a settlement agreement she entered into with the Office of Personnel Management ("Agency"). We *affirm.*

I

Ms. Hall had been an employee of the United States Postal Service until she was terminated on July 19, 1991. In May 1993, Ms. Hall applied for disability retirement under the Civil Service Retirement System ("CSRS"), 5 U.S.C. § 8331, 8337 (1994). After the Agency denied Ms. Hall's application, she appealed to the Board. After protracted litigation, the Board assisted Ms. Hall in retaining an attorney to represent her in this matter on a *pro bono publico* basis. Ultimately, in April 2000, Ms. Hall's attorney, on behalf of Ms. Hall, entered into a settlement agreement with the Agency. Under the terms of the agreement, Ms. Hall's attorney obtained for Ms. Hall all of the relief that was available under the law. Specifically, OPM agreed to grant Ms. Hall's application for disability retirement retroactive to her last day in a pay status as an employee of the Postal Service. By its plain terms, the settlement agreement stated that the parties acknowledged that they understood the terms of the agreement, and that the parties entered into the agreement voluntarily after good faith negotiations.

In an initial decision dated April 28, 2000, the Board accepted the terms of the settlement agreement, finding that it was

lawful, voluntarily entered into, and based upon the understanding of the parties. Ms. Hall's appeal was consequently dismissed, as the appeal was settled before the Board had reached a decision on the matter.

On May 9, 2000, Ms. Hall filed a timely petition for review with the Board, alleging that the settlement agreement was invalid. In a final decision dated October 4, 2000, the Board denied Ms. Hall's petition for review, whereupon the initial decision became the Board's final decision. 5 C.F.R. § 1201.113(b) (2000). Ms. Hall timely sought review of the Board's final decision in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## II

This court's scope of review over decisions of the Board is limited by statute. We must affirm the decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *See* 5 U.S.C. § 7703(c) (2000); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 139 (Fed.Cir.1986). An Agency decision will not be overturned if there is substantial evidence in the record to support it. *Caddell v. Dep't of Justice*, 96 F.3d 1367, 1370 (Fed.Cir.1996).

On appeal, Ms. Hall contends that the settlement agreement is invalid because she did not enter into it voluntarily. We have carefully reviewed the record in this case, and we can find no basis for disturbing the Board's final decision. Substantial evidence in the record supports the Board's factual determination that Ms. Hall, through her duly-appointed attorney, voluntarily entered into the settlement agreement with the Agency.

In this case, there can be no dispute that the terms of the settlement agreement are fair, because Ms. Hall, through her counsel, obtained all of the relief that was available under the law. Also, there is no evidence in the record to indicate that Ms. Hall's attorney lacked the authority to enter into the settlement agreement. Finally, we discern no evidence in the record that the Board's decision to sustain the Agency's decision departed from important procedural rights, was based on a misconstruction of the governing statutes, or was erroneous in any other respect. We therefore affirm the Board's final decision.

No costs.